United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE MORALES,<br><br>   Plaintiff,<br><br> v.<br><br>MAGNA, INC. et al.,<br><br>   Defendants. | No. C-10-1601-EDL<br><br>**ORDER GRANTING LEAVE TO AMEND WITHIN TWO WEEKS; DENYING MOTION TO STAY OR DISMISS PENDING RESOLUTION OF PRIOR FILED ACTION; DENYING MOTION TO DISMISS FOR LACK OF STANDING** |

  This is a purported class action complaint brought by Plaintiff Felipe Morales on behalf of himself and a nationwide class of purchasers of Defendants Magna, Inc. and president Steve Moidel's Magna-Rx+ "penile enhancement" product. The complaint makes claims for violation of the California Consumer Legal Remedies Act, Fraud, California Business & Professions Code § 17200, and the Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act. Defendants have moved to dismiss or transfer for improper venue, to stay or dismiss pending resolution of a prior filed state court action, or to dismiss for lack of standing.

  Plaintiff's complaint contains no facts to support venue in this district, and the only evidence indicating that venue is appropriate presented in opposition to the motion is inadmissible hearsay. At the hearing, Plaintiff's counsel acknowledged that he could not locate his client (who may be out of the country). Thus, unless Plaintiff can satisfactorily amend his complaint, Defendants' motion to dismiss or transfer for improper venue will be granted. Plaintiff has indicated that he intends to file an amended complaint to add additional named class representatives who are residents of this district, and therefore the Court will not transfer or dismiss the case at this time. Instead, the Court GRANTS leave to file an amended complaint properly alleging venue in this district within two

weeks of the date of this Order.  If this is not done, the case will be dismissed for improper venue.

The Court DENIES Defendants' motion to stay or dismiss pending resolution of a prior-filed state court action.  While the <u>Vaughn v. Magna-Rx, Inc</u>. action in Los Angeles Superior Court appears to be a very similar suit involving the same plaintiff's counsel and the same defendants, seeking to certify a California class of consumers who were dissatisfied with the Magna-Rx product, the existence of a RICO claim in the federal court action appears to preclude application of the abstention doctrine articulated in <u>Colorado River Water Conservation district v. U.S.</u>, 424 U.S. 800 (1976).  <u>See Intel Corp. v. Advanced Micro Devices, Inc.</u>, 12 F.3d 908, 913 (9th Cir.1993) ("existence of a substantial doubt as to whether the state proceedings will resolve the federal action precluded the granting of a stay" and "district court may enter a Colorado River stay only if it has 'full confidence' that the parallel state proceeding will end the litigation").

The Court also DENIES Defendants' motion to dismiss for lack of standing because they do not satisfactorily support their assumption that one would need to complete the entire bottle of tablets before having taken the product "as directed," and this appears to be a disputed factual issue not suited to a motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 23, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

2