IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN BOBBA AND CHRIS RHODES,<br><br>Plaintiffs,<br><br>v.<br><br>MAGNA, INC. et al.,<br><br>Defendants. | No. C-10-1601-EDL<br><br>**ORDER REGARDING EX PARTE MOTION FOR IN CAMERA REVIEW** |

This was a purported class action against the makers and advertisers of MagnaRX, a "male enhancement" supplement. Following voluntary dismissal, Defendants filed a motion for sanctions pursuant to 28 U.S.C. § 1927 on the basis that, among other things, there was no basis for the lawsuit and Plaintiff's counsel acted in bad faith in failing to disclose various facts to opposing counsel and the Court and engaging in other misconduct. Plaintiffs have filed an *ex parte* motion requesting that they be allowed to file evidence in support of their opposition *in camera* and portions of the opposition under seal because the evidence and argument will include privileged and confidential memos, notes and communications that contain attorney impressions and strategy in another related case involving the same parties and counsel. Defendants have filed a response, requesting that any Order allowing documents to be filed under seal or lodged *in camera* should be conditioned on Plaintiffs first submitting a detailed privilege log of all documents that they seek to file under seal or *in camera* so Defendants have an opportunity to challenge the confidentiality of the documents in question.

In support of their request, Plaintiffs cite cases where courts have conducted an *in camera*

review of time records for fee motions, but nothing directly on point that would justify allowing *in camera* submission of documents in opposition to a sanctions motion. At least one court in this district has rejected this approach in the context of a discovery sanctions motion. See Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co., 2009 WL 3429575, *2 - 3 (N.D.Cal. 2009) (Ware, J.) (upholding special master's denial of request for in camera review and finding no authority mandating in camera review of privileged documents when a party is forced to respond to a sanctions motion, noting that *ex parte* proceedings are disfavored, and holding that declarations of what actions were taken would be sufficient and privileged documents were unnecessary). In this case, on the one hand, it is possible that in order to defend themselves against the sanctions motion, attorney work-product documents and attorney client communications that show good or bad faith in the case would be useful and it could make sense to view these privileged documents *in camera* so as not to give away strategy to opposing counsel when there is a similar ongoing case in another court. On the other hand, if the Court were to consider such materials *in camera* now, Defendants' counsel might be at a disadvantage in replying to the opposition and countering the in camera evidence proffered in support without the benefit of having seen it.

  In light of the foregoing, the Court Orders as follows: Because *ex parte* proceedings are disfavored and Defendants' counsel would not have the opportunity for a full review of all of the information presented in Plaintiffs' opposition if they were lodged in camera, the request for in camera review is DENIED WITHOUT PREJUDICE. The Court may allow Plaintiffs to supplement his opposition with materials to be considered *in camera* if and only if the Court determines that such information is necessary to its determination, but may also determine that such information is unnecessary and not consider any additional materials. Plaintiffs' request for a sealing order is DENIED AS PREMATURE. Plaintiffs may seek to file portions of their opposition and any accompanying documents under seal so long as they comply with the procedure set forth in Local Rule 79-5 and meet the standard set forth therein. A privilege log is unnecessary for

//
//
//

2

documents filed under seal because all parties have access to sealed documents.

**IT IS SO ORDERED.**

Dated: September 14, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

3