# NEWPORT TRIAL GROUP

610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE (949) 717-3000
FACSIMILE (949) 717-3100
TAX ID NO. 27-1213761

November 9, 2009

Magna-RX, Inc.
P.O. Box 6879
Thousand Oaks, CA 91359

Wal-Mart Stores
c/o Frank Rothrock
SHOOK, HARDY & BACON
Jamboree Center
5 Park Plaza, Suite 1600
Orange County, Irvine, CA 92614-8502

Re:   *Ongoing Violations of California Consumer Legal Remedies Act*

Ladies and Gentlemen:

Please give this letter your complete and immediate attention.

## I. Introduction

I am writing on behalf of John Doe, as well as a class of similarly situated persons, to advise you that the above-referenced parties ("Defendants") have violated and continue to violate the California Consumer Legal Remedies Act. (Given the sensitive nature of this dispute, the plaintiff will be referred to as "John Doe" on initial court filings, but I will provide you with his identity upon execution of an appropriate confidentiality agreement.)

## II. Factual Background

Defendants profit from the marketing, advertising, and distribution of the product "MagnaRX," a purported penis enlarging supplement. Specifically, Defendants:

1. Falsely claim by using MagnaRX, "In just a few short weeks, you'll be amazed as you watch your penis grow into the biggest, thickest, hardest…"

2. Falsely claim by using MagnaRX, "We guarantee success."

L I T I G A T I O N

**EXHIBIT A**

November 9, 2009
Page 2

   3.     Falsely claim consumers who use MagnaRX will experience "guaranteed increase in penis size."

Defendant Wal-Mart exercises substantial independent control over the advertising and marketing of MagnaRX. For example, Wal-mart requires suppliers to sign an agreement allowing Wal-Mart to limit or prevent certain advertising and marketing claims. Wal-Mart also requires supplier to participate in Wal-Mart's "Retail Link®" program, which allows Wal-Mart to exercise additional control over its suppliers advertising and marketing. Finally, Wal-Mart boasts to consumers that it "requires a high level of communication and integrity from each of our suppliers" to ensure that products marketed and sold through Wal-Mart conform to customer expectations.

## III.    Summary of Violations

Defendants' conduct violates the California Consumer Legal Remedies Act by, without limitation:

   1.     Falsely representing that MagnaRX causes penis growth;

   2.     Falsely representing that MagnaRX has characteristics, uses and benefits which it does not have;

   3.     Falsely representing that MagnaRX is of a particular standard, quality, or grade;

   4.     Fraudulently inducing consumers to purchase MagnaRX;

   5.     Placing MagnaRX for sale to the general public when it does not materially conform to the product's advertisements;

   6.     Labeling MagnaRX in a way that is misleading in a material respect; and

   7.     Creating a likelihood of confusion regarding MagnaRX.

## IV.    Demand for Relief

We intend to file suit seeking individual, representative, and class relief unless, within the time frame referenced above, Defendants:

   1.     Agree to irrevocably stop all false and misleading advertising of MagnaRX;

   2.     Identify all consumers who purchased MagnaRX within the applicable limitations period and provide such consumers with an appropriate refund;

November 9, 2009
Page 3

V.    <u>**Offer of Compromise**</u>

If Defendants agree to a stipulated injunction that includes an appropriate labeling disclaimer within thirty days from the date of this letter, we will agree to take no further action in this matter nor make any further claim for relief unrelated to the terms of the stipulated injunction.

As to any Defendants that will not so agree, we will file suit and therein will seek all requested relief, including monetary damages, injunctive relief, statutory penalties, restitution, and attorneys' fees.  Please contact me at any time if you would like to discuss this matter.

Very truly yours,

Scott J. Ferrell

SJF:lb

Shawn K. Aiken                Stephen C. Rich
Barbara Lee Caldwell          Philip R. Rupprecht
Christopher R. Chicoine       Joseph A. Schenk
Richard M. Gerry              Robert C. Van Voorhees
D. Lamar Hawkins              Kellie N. Wells
James E. Padish               OF COUNSEL
Alfred W. Ricciardi           Charles F. Myers, P.A.



**A I K E N  S C H E N K**
A T T O R N E Y S   A T   L A W

November 19, 2009

~~VIA FACSIMILE:~~ ~~949-717-3100~~   *EMAIL +U.S. MAIL:* sferrell@calljensen.com; lberger@trialnewport.com

Scott J. Ferrell
Newport Trial Group
610 Newport Center Drive, Ste. 700
Newport Beach, CA 92660

      Re:   Magna-RX, Inc.

Dear Mr. Ferrell:

      I have been asked by Magna-RX, Inc. to respond to your November 9, 2009 letter in which you purport to represent "John Doe," a dissatisfied purchaser of Magna-RX+ and demand that the company (or Wal-Mart – it's really difficult to tell which) "stop all false and misleading advertising of MagnaRX." I further note that you and your law firm have been involved in several similar actions against other supplement manufacturers. I believe that, in this case, you may simply have your facts wrong.

      In your letter, you specify three representations that have allegedly been made with respect to Magna-RX+. However, none of these alleged claims have been made by Magna-RX, Inc. Enclosed for your reference are color copies of the following documents:

    1.    Artwork for the Magna-RX+ box sold in Wal-Mart
    2.    Artwork for the Magna-RX+ label sold in Wal-Mart
    3.    Artwork and text for Magna-RX, Inc.'s current advertisements

As you can see, none of this advertising material contains any of the claims that you apparently find objectionable.[1]

      The only claim contained in any of Magna-RX, Inc.'s material that is even remotely similar to the claims stated in your November 9 letter is the assertion that "Magna-RX+ is guaranteed to help you improve intimacy, or your money back …" In fact, Magna-RX, Inc. has always had a very strong commitment to customer satisfaction and has never knowingly failed to refund the purchase price to any customer who requested a refund. Accordingly, if your "Mr. Doe" is truly a dissatisfied Magna-RX+ customer, I would encourage you to advise him to simply request a refund.

---

[1] The only material that has been redacted from the advertisements are the names of other retail establishments that sell Magna-RX+.

Aiken Schenk Hawkins & Ricciardi P.C.

4742 North 24th Street, Suite 100 | Phoenix, Arizona 85016 | 602.248.8203 | 602.248.8840 Fax | www.ashrlaw.com

**EXHIBIT B**

November 19, 2009
Page 2

Magna-RX, Inc. is unsure where you found the claims regarding Magna-RX, Inc. set forth in your November 9 letter. It is possible (but unlikely) that they may have appeared in an old advertisement for the product that has been discontinued. Alternatively, it is possible that such claims may appear in a website or advertisement generated by a third-party reseller of Magna-RX+. Although Magna-RX, Inc. has safeguards in place that are designed to prevent third-party resellers from making false or misleading claims regarding its trademarked product, such safeguards would not deter trademark infringers. Accordingly, if you actually have copies of advertising containing the claims stated in your November 9 letter, I would appreciate it if you would provide me with copies of the objectionable ads so that Magna-RX, Inc. can take steps to trace down the source and, if appropriate, institute legal proceedings against the responsible parties.

I trust that this response will address all issues raised in your November 9 letter. If not, please address any further concerns regarding this matter to my attention.

Very Truly Yours,

AIKEN SCHENK HAWKINS & RICCIARDI P.C.

Joseph A. Schenk

JAS:lma
Enclosures
cc:    Steve Moidel
       Frank Rothrock
S:\MagnaRX\2523801\Letters\Ferrell091119-jas.doc

# NEWPORT TRIAL GROUP

610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE (949) 706-6464
FACSIMILE (949) 706-6469

November 19, 2009

**_By E-mail and First Class Mail_**

Joseph A. Schenk, Esq.
AIKEN SCHENK
4742 North 24th Street, Suite 100
Phoenix, Arizona 85016
T: 602.248.8203.
F: 602.248.8840
E: jas@ashrlaw.com

      *Re:*    *Magna-RX, Inc.*

Dear Mr. Schenk:

     Thank you for your letter of November 19th, in which you request clarification of certain allegations in my letter of November 9th, and which also invites me to address further concerns regarding this matter.  Please consider this letter to be my response.

     First, your letter implies apparent skepticism regarding the identity of the plaintiff.  I have attached a copy of the Complaint that we filed on behalf of Mr. Kevin Vaughn in Los Angeles Superior Court earlier this week.  I hope that this will alleviate any questions that your client may have had.

     Second, you state that it is "difficult to tell" whether we demanded that Magna-Rx or Wal-Mart stop disseminating the false and misleading advertising claims.  Please accept this letter as clarification: although the attached complaint only named Magna-RX as a defendant, we will amend the Complaint thirty days after filing to add Wal-Mart as a Defendant and to seek damages pursuant to the California Legal Remedies Act if we are unable to reach a resolution.

     Third, I appreciate your attachment of the artwork and text for the Magna-Rx box, labeling, and current advertisements.  I have reciprocated in kind by attaching copies of both the website advertising relied upon by my client, as well as an exemplar of the artwork and text of the Magna-RX of the product purchased by my client.

     Fourth, although this exchange of exhibits is helpful, it ultimately raises more questions than answers.  As such, I would appreciate your clarification of the following facts (and would

LITIGATION

**EXHIBIT C**

November 19, 2009
Page 2

execute an appropriate confidentiality agreement if it would facilitate the exchange of information):

      A.     The artwork and text regarding Magna-RX that you attached reflecting Magna-RX's "current advertisements" originates from the website www.magnarxstore.com. Our investigator reports that said domain is registered through Domainsbyproxy.com, which is owned by the domain registrar Godaddy.com. By contrast, www.magnarxshop.com is registered (indirectly) to DM Contact Management Ltd., which I understand from previous litigation to be an affiliate-marketing company based in Canada. Does Magna-RX or any of its affiliates have any relationship with any affiliate marketing companies, including but not limited to either Leading Edge Marketing, Inc., or DM Contact Management, Inc.?

      B.     Does Magna-RX utilize any organic search engine optimization tools to drive traffic to or from its website or that of any affiliates, including the two previously-referenced companies?;

      C.     With respect to your offer to "institute legal proceedings" against any "trademark infringers" or unauthorized resellers, has Magna-RX instituted or threatened any legal proceedings against Leading Edge Marketing, Inc., or DM Contact Management, Inc., in the past?

      D.     The product labeling attached to your letter appears to embody a very recent change that omits the previous labeling claims that Magna-RX is a "growth supplement." When and for what purpose did Magna-RX initiate this change?

      E.     Your client's current website and product labeling describe Magna-RX as both a "male performance" and a "male enhancement" product. We believe that both terms are well-known euphemisms for penile enlargement. Does your client contend that Magna-RX will cause penile enlargement?

      F.     Has your client conducted any consumer research concerning the "overall net impression" of its advertising claims?

     Fifth and finally, I appreciate you reaching out to me and look forward to receiving your response. I would also be happy to provide you with any information that you might reasonably request from my client. Moreover, if your client would like an extension to respond to the attached complaint while we discuss these issues, we will provide one upon request.

                    Very truly yours,


                    /S/

                NEWPORT TRIAL GROUP

1   NEWPORT TRIAL GROUP
    A Professional Corporation
2   Scott J. Ferrell, Bar No. 202091
    Roger E. Borg, Bar No. 1177650610
3   Newport Center Drive, Suite 700
    Newport Beach, CA 92660
4   Tel: (949) 706-6464
5   Fax: (949) 706-6469

6   MILLSTEIN, ADELMAN & KREGER, LLP
7   Wayne S. Kreger, Bar No. 154759
    Peter J. Farnese, Bar No. 251204
8   2800 Donald Douglas Loop North
    Santa Monica, CA 90405
9   Tel: (310) 396-9600
    Fax: (310) 396-9635
10

11  Attorneys for Plaintiff and the Class

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              FOR THE COUNTY OF LOS ANGELES - CENTRAL

15

16  KEVIN VAUGHN, individually, and on behalf of     Case No.    BC 426097
    all others similarly situated,

17
                        Plaintiff,                   FIRST AMENDED CLASS ACTION
18                                                   COMPLAINT
                        vs.
19

20  MAGNA-RX, INC., a California corporation;        JURY TRIAL DEMANDED
    GEORGE AGUILAR, M.D.; WAL-MART
21  STORES, INC., a Delaware corporation;            Complaint filed:    November 16, 2009
    HYMAN SLEPICOFF and HEDY SLEPICOFF,              Trial Date:    None
22  husband and wife; WOW ENTERPRISES, INC.,
    an Arizona corporation; RCP CORPORATION,
23  an Arizona corporation; HYMAN AND HEDY
    SLEPICOFF RECOVABLE LIVING TRUST;
24  JENCO ENTERPRISES, INC., a California
    corporation; TREZCO, INC., a California
25  corporation; SHERCO, L.L.C., a California
    limited liability company; DARSELL
26  ENTERPRISES, INC., a California corporation;
    MERIT SALES, INC., a California corporation;
27  HERBAL GROUPS, INC., a California                24        **EXHIBIT D**
    corporation; JOHN AMSLOW, INC., a California
28

1 | corporation; HAYDEN-MEDICAL, L.L.C., an Arizona limited liability company; STEVE
2 | CHEN, a Kansas resident; VIRODYNE, INC.,
3 | aka VIRODYNE RESEARCH LTD., a Kansas corporation; QUICK2YOU, L.L.C., a New York
4 | limited liability company; JOHN INDELLICATE, a New York resident; SLIMSTORE, L.L.C., a
5 | Texas Limited liability company; LEADING EDGE MARKETING, a Colorado limited liability
6 | company; ANSWERNOW, INC., an Arizona corporation; STEVE MOIDEL, a California
7 | resident; and DOES 1-250, Inclusive,

Defendants.

## I.    INTRODUCTION

Magna-RX+ ("Magna RX" or the "Product") is a purported "male enhancement" product. From November 19, 2005 through the present (the "Class Period"), Defendants have defrauded Californians by claiming that Magna RX is proven to increase penis size. Indeed, Defendants have boldly claimed, among other things, that the Product can increase the size of a man's penis by "2 inches, 3 inches, even 5 inches in 60 days or less" and that     "[i]n just a few short weeks, you'll be amazed as you watch your penis grow into the biggest, thickest, hardest one ...."

Defendants' penis enlargement claims are absolutely false.  In fact, within 48 hours of receiving Plaintiff's Consumer Legal Remedies Act ("CLRA") letter challenging Defendants' claims of permanent penile enlargement, Defendant Magna RX, Inc. changed its various websites and removed some of the false claims.  Thereafter, Defendants admitted, in writing, that Magna RX does not cause permanent penile enlargement. Yet, Defendants continue to make false claims.

## II.    THE PARTIES

### A.    Plaintiff.

1.    Plaintiff Kevin Vaughn ("Plaintiff") is a resident of California who has purchased Magna-RX+ from Wal-Mart in late 2009.

///
///

25

**B.    The Magna-RX Defendants.**

2.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Magna RX, Inc., is a California corporation with its principal place of business in Los Angeles County that does business in California.

3.     Plaintiff believes, based on Defendants advertisements,, that George Aguilar, M.D., is a medical doctor.

4.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Steve Moidel ("Moidel") is a California resident who is president and owner of Defendant Magna RX, Inc.  Herein, Magna RX, Moidel, and Aguilar are referred to collectively a "MRX."

**C.    Defendant Wal-Mart.**

5.     Plaintiff is informed and believes, and upon such information and belief alleges, that Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in the state of Arkansas that does business in California and in nearly every state.

**D.    The Conspirator Defendants.**

6.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendants Hyman Slepicoff and Hedy Slepicoff are husband and wife and are residents of Maricopa County, Arizona.   Upon information and belief, all actions of Defendant Hyman Slepicoff ("Slepicoff") alleged herein were on behalf of his marital community.

7.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant WOW Enterprises, Inc. ("WOW"), is an Arizona corporation that has its principal place of business in Maricopa County, Arizona, and does business in California, and that has conducted business under numerous fictitious names, both registered and unregistered, including but not necessarily limited to, the following: Magna-RX Products, Bristol Medical, Madison Medical, New Horizons Mail Orders, Right Choice Pharmacy, Right Choice Laboratories, Samsade Sales, and Health Solutions.

8.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant RCP Corporation ("RCP") is an Arizona corporation with its principal place of business in

26

Maricopa County, Arizona, that does business in California, and that has conducted business under numerous fictitious names, both registered and unregistered, including, but not necessarily limited to, the following: Right Choice Pharmacy, Right Choice Laboratories, and Western Research Pharmaceuticals.

9.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Hyman and Hedy Slepicoff Revocable Living Trust (the "Slepicoff Trust") is a revocable Arizona Trust that is principally located in Maricopa County, Arizona, with Defendants Hyman and Hedy Slepicoff as the settlers, trustees, and principal beneficiaries thereof.

10.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Jenco Industries, Inc. ("Jenco") is a California corporation that does business in California and conducts business under a number of fictitious names, including, but not necessarily limited to, Magna-RX Products, Jenco International, and Health Solutions.

11.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Trezco, Inc. ("Trezco") is a California corporation that does business in California and conducts business under numerous fictitious names, including Madison Medical, Bristol Medical, and Right Choice Pharmacy.

12.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Sherco, L.L.C. ("Sherco") is a California limited liability company that does business in California.

13.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Darsell Enterprises, Inc. ("Darsell") is a California corporation that does business in California and conducts business under numerous fictitious names, including Dr's Research Group.

14.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Merit Sales, Inc. ("Merit") is a California corporation that does business in California and conducts business under numerous fictitious names, including Santa Clarita Labs.

15.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Herbal Groups, Inc. ("Herbal") is a California corporation that does business in California and conducts business under numerous fictitious names, including HG Pharmacy.

27

16.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant John Amslow, Inc. ("Gem Products") is a California corporation that does business in California and conducts business under numerous fictitious names, including Gem Products and Alliance Medical Group.

17.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Hayden-Medical, L.L.C. ("Hayden") is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona, that does business in California.

18.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Steve Chen ("Chen") is a resident of Kansas who does business in California and conducts business under numerous fictitious names, including Virodyne.

19.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Virodyne, Inc., aka Virodyne Research Ltd. ("Virodyne") is a Kansas corporation wholly owned by Chen that does business in California.

20.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Quick2You, L.L.C. ("Quick") is a New York limited liability company that does business in California.

21.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant John Indellicate ("Indellicate") is a New York resident who does business in California.

22.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Slimstore, L.L.C. ("Slimstore") is a Texas limited liability company that does business in California.

23.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Leading Edge Marketing ("Leading Edge") is a Colorado limited liability company that does business in California.

24.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Answernow, Inc., is an Arizona corporation with its principal place of business in Maricopa County, Arizona, that does business in California.

28

25.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 to 250, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

26.     Plaintiff is informed and believes, and upon such information and belief alleges, that the "Conspirator Defendants" have acted, and are acting, in concert with MRX in promoting and marketing Magna-RX+ and in developing and making to Plaintiff and the members of the Class described below the specific representations regarding the efficacy of Magna-RX+ that are the subject matter of this action.

### III.     JURISDICTION AND VENUE

27.     This Court has jurisdiction over all causes of action asserted herein.

28.     Venue is proper in this Court because Defendants have received substantial compensation from sales in this County.  Specifically, each Defendant knowingly engages in activities directed at consumers in this County, and each Defendant obtains substantial benefits from the Defendants' common scheme perpetrated in this County.  Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code Section 1780(d).

29.     Defendants and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

### IV.     FACTS

30.     Plaintiff purchased Magna-RX+ in 2009 at Wal-Mart.  Plaintiff purchased Magna-RX+ because he hoped to achieve an increase in penis size, as "guaranteed" in advertising for the Product. Before purchasing Magna-RX+, he read, reviewed, relied upon, and believed the advertisements found on the websites www.magnarx.com, www.magnarxstore.com, and www.magnarxshop.com, which are attached to this complaint as Exhibit 1.  As noted therein, those advertisements guarantee that Magna-RX+ will cause permanent penile enlargement. Despite consuming Magna-RX+ as directed, he did not

29

experience any increase in penis size or enhanced sexual satisfaction.  The product was worthless to him.

31.     The advertising and packaging were personally approved and disseminated by Steve Moidel, the managing agent of Defendant Magna RX, Inc. Magna RX, Inc. and Moidel  knew, throughout the class period, that the claims that Magna-RX+ would provide a guaranteed "2 inch. 3 inch, even 5 inch" increase in penis size, that "[i]n just a few short weeks, you'll be amazed as you watch your penis grow into the biggest, thickest, hardest …," and "we guarantee success," were false. Magna RX, Inc., Moidel and the other Defendants knew the claims were false because they  were aware of hundreds of complaints made by consumers regarding the false advertising of Magna-RX+ and, specifically, its inability to provide a permanent increase in penis size.  Specifically, they knew that Magna-RX+ did not and does not provide guaranteed penis enlargement and resultant increased sexual satisfaction.   Nevertheless, despite knowing that the claims were false, they continued to disseminate the false claims to Plaintiff and others in the class to reap an unfair profit.

32.     Defendant Wal-Mart advances the same false claims about Magna-RX+ by advertising Magna-RX+ and the same marketing claims on its website at www.walmart.com, a medium over which Wal-Mart has exclusive control.  Among other things, the advertising on the website, under the heading "Item Description," explicitly refers to Magn-RX+ as being "Doctor endorsed" and a "Male enhancement supplement."   To distinguish itself from other retailers of products like Magna-RX+, Wa-Mart assures consumers who purchase Magna-RX+ that their "satisfaction is guaranteed."  Wal-Mart even claims that it "ensures quality and reliability" of Magna-RX+ and other products by providing a "safety net test" conducted by "independent third party testing labs" that other retailers do not, and even performs "comparative testing" of competing products to ensure customer satisfaction. Wal-Mart disseminates the "satisfaction guarantee", "reliability guarantee", and "safety net test" guarantee in nearly all of its promotional materials.  A paragraph from Wal-Mart's website that prominently displays these guarantees is attached to this First Amended Complaint as Exhibit 2.  Wal-Marts claims were personally approved by board members of Wal-Mart as early as January of 2007, and have been disseminated continuously since that time.

30

33.     By letter dated November 9, 2009, Plaintiff advised Defendants Magna RX, Inc., Moidel and Wal-Mart, of their ongoing violations of Consumer Legal Remedies Act ("CLRA") and, specifically, their false claim that the Product can cause permanent penile enlargement. <u>See</u> Exhibit 3. That letter was received by Magna RX, Inc., Moidel and Wal-Mart on November 17, 2009.

34.     At the time it received Plaintiff's CLRA letter, the websites www.magnarx.com and www.magnarxstore.com , were owned and maintained, exclusively, by Magna RX, Inc.  <u>See</u> Exhibit 4 (12/15/09 Letter from Joseph A. Schenk, Esq., to Scott J. Ferrell, Esq.).  As of November 17, 2009, those websites contained a variety of claims promising that Magna RX+ would cause penile enlargement.  <u>See</u> Exhibit 1 (screen shots of www.magnarx.com and www.magnarxstore.com websites, prior to November 17, 2009).

35.     Within 48 hours of receiving Plaintiff's CLRA letter, Defendants Magna RX and Moidel altered the two websites controlled by them, removing some of the very claims that Plaintiff's CLRA letter complained of as false and misleading. <u>See</u> Exhibit 5_ (screen shot of www.magnarx.com and www.magnarxstore.com websites, in November 20, 2009).

36.     Faced with the damning allegations contained in the CLRA Letter and original Complaint filed in this action, Defendant MRX has attempted to disclaim any responsibility for the advertising upon which Plaintiff relied in purchasing Magna-RX+.  In a story that borders on the ridiculous, MRX and Moidel, through their designated representative, Joseph A. Schenk, Esq., claims that:

a.     Although MRX acquired the exclusive rights to the Magna RX+ trademark and intellectual property, as well as the exclusive rights to distribute the Product, in 2004, a number of companies have "pirated" MRX's and Moidel's use of the intellectual property over the years, and it is those companies (some of which are named Defendants herein), and not MRX, who have made false claims about the Product.  Of course, MRX has no explanation for why (i) its own websites have falsely promised California consumers penile enlargement of "2 inches, 3 inches, even 5 inches in 60 days or less" since 2005, and (ii) the very websites and advertisements that MRX disclaims responsibility for **mirror** the very advertisements disseminated by MRX and Moidel during the same period.

31

b.      On and after 2004, MRX and Moidel discontinued advertising that it determined could not be supported by clinical evidence, including any claims of penile enlargement, which MRX and Moidel admit are not true.  Of course, MRX and Moidel cannot legitimately explain why, during the same time period, they continually made claims like Magna RX+ can increase penis size by "2 inches, 3 inches, even 5 inches in 60 days or less", amongst other false penile enlargement claims.

c.      A number of entities, including, among others, the Conspirator Defendants, have marketed the Magna-RX+ product without authorization.  Again, though, MRX and Moidel cannot explain why their websites and advertisements **mirrored** the very websites and advertisements that MRX and Moidel's attorney attempts to distance themselves from.  Moreover, neither MRX, Moidel or their attorney can explain why MRX and those entities shared the same telephone answering and order-taking service, Answernow, Inc., during the Class Period.  See Exhibits 4, 6 and 7 (Letters from Joseph A. Schenk to Scott J. Ferrell).

37.      The classic "point the finger at anyone" style and excuses are simply that, a complex, convoluted scenario designed to hide and obfuscate the simple, undisputed truth that MRX, Moidel and the other Defendants violated the law by making patently false claims about Magna-RX+.

38.      In reality, Defendant MRX encourage various affiliates and associated companies, such as the Conspirator Defendants, to make the type of false and misleading claims for Magna-RX+ upon which Plaintiff relied in purchasing the product in order to drive the sales of that product, while at the same time disclaiming any responsibility for those outrageous claims.

39.      What is more, the website operated by Defendant Magna RX, Inc. contains claims of the same type and import as that upon which Plaintiff relied in purchasing Magna-RX+, and which are plainly false and misleading in and of themselves.  For example, the website proclaims: "MAGNA-RX+ Penis Enhancement Formula is absolutely the easiest, fastest, doctor recommended way to add massive, pulsating, and explosive pure manhood to satisfy your lover like never before!  In just a few short weeks, you'll be amazed as you watch your penis grow into the biggest, thickest, hardest one she's ever had and the one she'll remember for ever and ever!"

40.      Moidel  has been directly involved and has taken a personal role in developing and promoting the efficacy claims for Magna-RX+ described herein, and has personally approved those

32

claims for dissemination to Plaintiff and the members of the Class.  As such, Moidel  is directly and personally liable for the misconduct and wrongdoing described herein.

41.   Unfortunately, Defendants intentionally market Magna-RX+ to the most vulnerable members of society -- senior citizens and disabled persons.  Defendants know that such individuals are substantially more vulnerable than other members of the public to the defendants' advertising because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability.

## V.  CLASS ACTION ALLEGATIONS

42.   Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> All persons located within California who purchased Magna-RX+ for
>
> personal use at any time during the four years preceding the filing of this
>
> Complaint (the "Class").

43.   Excluded from the Class are governmental entities, Defendants, any entity in which defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

44.   The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class as numerous and geographically dispersed across California.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

45.   There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may

33

affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

> (a)    Whether Defendants' efficacy claims are accurate;
>
> (b)    Whether Defendants' efficacy claims are properly substantiated;
>
> (c)    Whether Defendants' have falsely represented that Magna-RX+ has benefits which it does not;
>
> (d)    Whether Defendants knew that the efficacy representations were false;
>
> (e)    Whether Defendants entered into a conspiracy to falsely promote Magna-RX+ after knowing the preceding facts.

46.    Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been similarly affected by Defendants' common course of conduct since they all relied on Defendants' representations concerning Magna-RX+ and purchased the product based on those representations.

47.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.  Plaintiff has retained firms who are widely recognized as some of the most successful and effective class action litigators in California, and whose victories have been publicized on CNN, Fox News, MSNBC, and nearly every major California newspaper.  The firms have also been certified as lead class counsel in similar class actions.

48.    Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the class is impracticable.  Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct.  The class

34

and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

49.     Adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

## VI.     CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LEGAL REMEDIES ACT

### (Against All Defendants)

50.     Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 49 above as if fully set forth herein.

51.     Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff purchased Magna-RX+ for his own personal use.  In so doing, he reviewed, believed, and relied upon each of the preceding marketing claims.  He has consumed Magna-RX+ as directed, but the product has not worked as advertised, nor did he experience any of the promised benefits.

52.     Prior to filing this action, Plaintiff's counsel mailed to Defendants, by certified mail, return receipt requested, the written notice required by Civil Code Section 1782(a).

53.     Plaintiff previously filed the declaration of venue required by Civil Code Section 1780(d).

54.     Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the California Consumer Legal Remedies Act since Defendants are still representing that their products have characteristics and abilities which are false and misleading, and have injured Plaintiff and the Class.

35

55.     Plaintiff and the Class seek:

(a)     an order of this court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the complaint pursuant to California Civil Code Section 1780(a)(2);

(b)     actual damages pursuant to Civil Code Section 1780(a)(1);

(c)     punitive damages pursuant to California Civil Code Section 1780(a)(4) due to the fraudulent, malicious, and willful nature of Defendant's conduct;

(d)     statutory damages of no less than $1,000 per class member pursuant to California Civil Code Section 1780(a)(1);

(e)     statutory damages of $5,000 for each class member who is a senior citizen as defined by California Civil Code Section 1761(f) or a disabled person as defined by California Civil Code Section 1761(g) and who has suffered substantial physical, emotional, or economic damages pursuant to California Civil Code Section 1780(b)(1); and

(f)     any other equitable or legal relief that the Court deems proper pursuant to California Civil Code Section 1780(a)(5).

## SECOND CAUSE OF ACTION

### FRAUD

**(By Plaintiff and On Behalf of the Class as against All Defendants Except Wal-Mart)**

56.     Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 55 above as if fully set forth herein.

57.     The Defendants' representations regarding the efficacy of Magna-RX+ were false. Aguilar and Moidel personally approved and disseminated the false claims in 2004, and also personally approved and implemented the scheme to promote Magna-RX+ through false efficacy claims via the conspirator defendants, and have done so continuously since that time.

58.     As set forth in detail above, Defendants knew that the efficacy representations were false at the time they were made, yet continued to make them with the intent of deceiving Plaintiff and the Class.

36

59.     Plaintiff and the Class reasonably relied upon and believed Defendants' false efficacy representations in deciding to purchase and use the product.

60.     Plaintiff and the Class have suffered actual damages by purchasing and using a worthless product, Magna-RX+, based upon Defendants' false efficacy claims.

61.     Defendants made these false representations with the specific intent of injuring and defrauding Plaintiffs and the Class, and did so with fraudulent intent and malice.   Therefore, Plaintiff and the Class are also entitled to punitive damages against Defendants.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS

### CODE SECTIONS 17200 ET SEQ.

### (By Plaintiff and On Behalf of the Class as against All Defendants)

62.     Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 51 above as if fully set forth herein.

63.     As alleged hereinabove, Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth herein.   Specifically, prior to the filing of this action, Plaintiff purchased Magna-RX+ for his own personal use.   In so doing, he relied upon the false representations referenced above.   He has consumed Magna-RX+, but the product has not worked as advertised and was worthless.

64.     Defendants' actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code section 17200 in that Defendants' actions are unfair, unlawful, and fraudulent, and because Defendants have made unfair, deceptive, untrue or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code sections 17500, et seq.

65.     Defendants' business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are potentially mislead by the claims made with respect to Magna-RX+ as set forth herein.

37

66.     Defendants' business practices as alleged herein are unlawful because the conduct constitutes false marketing and advertising and other causes of action alleged herein.

67.     Defendants' business practices as alleged herein are fraudulent because they are likely to deceive customers into believing that Magna-RX+ has properties that it in fact does not have.

68.     Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendants are marketing and selling their products in a manner likely to deceive the public.

69.     Defendants' wrongful business practices have caused injury to Plaintiff and the Class.

70.     Pursuant to section 17203 of the California Business and Professions Code, Plaintiff and the Class seek an order of this court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the complaint.  Plaintiff and the Class also seek an order requiring Defendants to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class.

### PRAYER FOR RELIEF

Wherefore, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendants as follows:

1.     Certification of the proposed classes and notice thereto to be paid by Defendants;

2.     Adjudge and decree that Defendants have engaged in the conduct alleged herein;

3.     For restitution and disgorgement on certain causes of action;

4.     For an injunction ordering Defendants to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.     For compensatory, general, statutory, exemplary, and any other damages legally available according to proof on certain causes of action;

6.     For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

7.     Costs of the proceedings herein;

8.     Reasonable attorneys' fees as allowed by statute; and

38

///

1

      9.     Any and all such other and further relief that this Court may deem just and proper.

2

3

Dated: February 11, 2010             NEWPORT TRIAL GROUP

4

                                       A Professional Corporation

                                     Scott J. Ferrell

5

                                     Roger E. Borg

6

7

                          By:_____

8

                              Scott J. Ferrell

9

                          Attorneys for Plaintiff and the Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Magna Home

Magna RX+ developed by Dr. Aguilar, a leading medical doctor and urologist, each *MAGNA-RX+* tablet contains a unique, high performance male enhancement supplement designed to supercharge your sex life! With millions sold over the past two and a half years, MAGNA-RX+ *is currently the world's #1 best-selling male supplement, and still growing!*

AS SEEN ON TV

THE OFFICIAL AUTHORIZED SITE FOR

# MAGNA-RX+

### THE BIG RESULTS COMPANY

- How Magna RX+ Works
- FAQ
- The Magna RX Doctor
- Guarantee
- Magna Products for Men
- Magna Products for Women
- Order Now
- Specials
- What's New
- Weight loss



SIZE MATTERS

The Magna Girls
Click Here

WEB ONLY
Offer!

## REAL DOCTORS, REAL SCIENCE, REAL RESULTS!



does **SIZE** really matter to your lover?

BUY NOW!

### MORE THAN YOU CAN POSSIBLY IMAGINE!

...But the male enhancement system you choose matters even more!

### PENIS ENHANCEMENT BREAKTHROUGH

**MAGNA-RX+ Penis Enhancement Formula** is absolutely the easiest, fastest, doctor recommended way to add massive, pulsating, and explosive pure manhood to satisfy your lover like never before! In just a few short weeks, you'll be amazed as you watch your penis grow into the biggest, thickest, hardest one she's ever had and the one she'll remember forever and ever! No penis enhancement system or pill is easier to use, works faster, or is more effective than **MAGNA-RX+**: *GUARANTEED, or YOUR MONEY BACK!*



Original     NEW
Extra Strength

### ORGASMIC THRUST ACTIVATION™

Only **MAGNA-RX+** pills contain the exclusive trademarked, *Orgasmic Thrust Activation* process. This factor alone would make **MAGNA-RX+** the most powerful Penis Enhancement Formula available at any price. Not only do men report amazing increases in length, thickness, and endurance, but also they are equally delighted by the sheer intensity and concentrated power of their orgasms (*as are their very satisfied lovers)!*

### THE WORLD'S NUMBER ONE PENIS ENHANCEMENT FORMULA AND STILL GROWING!

With millions sold, demand for **MAGNA-RX+** has exploded worldwide as word of mouth has spread about what many medical experts have called the world's most powerful Penis Enhancement Formula. In one of this country's state-of-the art pharmaceutical laboratories, a dedicated team of biochemists has meticulously worked around the clock to produce enough of **MAGNA-RX+'s** proprietary, all-natural botanical formula for men, just like yourself, who want a *bigger, thicker, more energetic penis fast!*

### NOTHING ELSE TO BUY EVER AGAIN!

EXHIBIT 1

Magna RX Store

Page 2 of 2



The MAGNA-RX+ Formula is so powerful, so effective, so complete, we **100% guarantee** that you'll *NEVER* have to purchase any more than the 60-day supply included in this special offer. We could easily make MAGNARX+ much weaker in order to have you buy more like some companies do. Instead, we focus on getting the best results as quickly as possible. *That's the secret of our success!* With the MAGNA-RX+ System, you can skyrocket in 60 days or less – *with nothing else to buy ever again!*

**Buy 1, Get 1**
# FREE!

## PLUS...

For a limited time when you order MAGNA-RX+ pills, we'll also include ABSOLUTELY FREE a full 30-day supply of Dr. Aguilar's new and amazing MAGNA-RX Topical Lotion

## BUY ONE, GET ONE            SAVE $59.95!

If you're ready to become the biggest man you can be, then order your supply of MAGNA-RX+ today! See for yourself what thousands of satisfied men *(and their lovers)* have already discovered: MAGNA-RX+ is the world's #1 best-selling Penis Enhancement Formula for one very simple reason: *IT WORKS & NOTHING ELSE CAN COMPARE!* Need another reason to try MAGNA-RX+?

*How about 50% OFF our regular price!* MAGNA-RX+ *normally retails for $59.95 for a 30-day supply, but if you order now we'll include a second month's supply absolutely FREE!*

### FREE GIFT! MAGNA-RX TOPICAL LOTION

Hurry! For a limited time when you order MAGNA-RX+ pills, we'll also include *ABSOLUTELY FREE* a full 30-day supply of Dr. Aguilar's new and amazing MAGNA-RX Topical Lotion – *an $89.95 value!* (Limit one per household.)



## 100% MONEY-BACK GUARANTEE!

We are so confident that MAGNA-RX+ will transform you into another *HUGELY SATISFIED MAGNA MAN* that we offer you an *UNCONDITIONAL 100% 60-DAY MONEY-BACK GUARANTEE* and either way, please keep the MAGNA-RX Topical Lotion as our *FREE GIFT* to you!

## ORDER NOW - CALL TOLL FREE
# 1-866-299-0761
**PLEASE HAVE YOUR CREDIT CARD INFORMATION READY**

| ORDER BY MAIL | ORDER BY FAX | ORDER BY ONLINE |
| --- | --- | --- |

  

© 2005-09 Magna RX Inc. MAGNA-RX+® is a Registered Trademark. All Rights Reserved. These offers or any offers from Magna RX Inc. are not valid in the state of Arizona or anywhere prohibited by law. Individual results may vary. Individuals and testimonials shown on the website are paid models and not necessarily Magna RX Inc. product users. Trademarks, service marks, logos, and/or domain names (including, without limitation, the individual names of products and companies) are the property of their respective owners, have no association with and do not make any endorsement of Magna RX Inc. Products. The statements on this website have not been reviewed by the Food and Drug Administration. This product or any Magna RX Inc. product is not intended to diagnose, treat, cure or prevent any disease.



### THE OFFICIAL AUTHORIZED SITE FOR

# MAGNA-RX+
**THE BIG RESULTS COMPANY**

Magna Home

Magna RX+ developed by Dr. Aguilar, a leading medical doctor and urologist, each *MAGNA-RX+* tablet contains a unique, high performance male enhancement supplement designed to supercharge your sex life! With millions sold over the past two and a half years, MAGNA-RX+ *is currently the world's #1 best-selling male supplement, and still growing!*

- How Magna RX+ Works
- FAQs
- The Magna RX Doctor
- Guarantee
- Magna Products for Men
- Magna Products for Women
- Order Now
- Specials
- What's New
- Weight loss

## How Magna RX+ Works.

MAGNA-RX+ is the world's most potent and effective Male Enhancement Program. Doctor recommended, professionally formulated, and made from the highest-quality, 100% natural botanicals gathered from every corner of the world, two potent MAGNA-RX+ Penis Enhancement pills a day is all you need to:

- More Stamina & Energy
- No Lotions Or Cremes
- No Pumps, Weights Or Exercises
- No Prescription Necessary
- Doctor Designed & Endorsed
- 100% Safe & Natural

- Increase blood flow allowing for a longer, stronger Erections
- Your Penis Will Be Thicker And Fuller
- Your Confidence & Self-Esteem Will Soar
- Experience Rock Hard Erections
- Increase In Desire
- Explosive, Intense Orgasms

### HOW MAGNA-RX+ MAKES YOU A BIGGER, BETTER MAN

Only MAGNA-RX+ pills contain the highly unique and proprietary ORGASMIC THRUST ACTIVATION™ PROCESS, making MAGNA-RX+ the most powerful Penis Enhancement Formula available anywhere, at any price. Not only do our customers report an unbelievable increase in their sexual performance, they also rave about the heightened intensity and power of their orgasms (as do their very satisfied lovers!)

To fully understand how the incredible power of MAGNA-RX+ can change the expansion of your penis (not to mention how it can change your life), you must first understand how the penis works as a physical organ:

The penis contains three major chambers which fill with blood during erection. These chambers are called the Corpora cavernous (2) and the Corpus Spongiosum.

The tip of the penis is called the glans and is continuous with the distal most portion of the Corpus Spongiosum. The glans change in size accordingly with the penis during erection. These three chambers are surrounded by thin ligaments that prevent over-distention of the chambers, and hence, the penis. In addition, fibrous extensions of these ligaments create a sheet that surrounds the penis and its chambers which are ultimately responsible for the "stiffness" of erection when distended.

Thus, penile size is limited by two main factors. The first is the penile chamber size, and the second is the extent to which the surrounding fibrous sheets (fascia) can be stretched.



Bladder

Pubic Bone

Penis

Corpus Cavernosa

Penis Glans
Foreskin

Urethral Opening

The penile filling chambers are merely a collection of distendable blood vessels which become engorged with blood during an erection. This

**WEB ONLY**
**offer!**

**Buy 1, Get 1**
**FREE!**

**PLUS...**

For a limited time when you order MAGNA-RX+ pills, we'll also include ABSOLUTELY FREE a full 30-day supply of



occurs by the opening and closing of theoretical flood gates. Normally, at rest, both flood gates are open and allow for the unimpeded flow of blood through the filling chambers. During arousal, the entrance gates remain open and the exit gates begin to partially close. The result is a damming of sorts where the blood backs up, thus, filling and distending the chambers and enlarging the penis.

© 2005-09 Magna RX Inc. MAGNA-RX+® is a Registered Trademark. All Rights Reserved. These offers or any offers from Magna RX Inc. are not valid in the state of Arizona or anywhere prohibited by law. Individual results may vary. Individuals and testimonials shown on the website are paid models and not necessarily Magna RX Inc. product users. Trademarks, service marks, logos, and/or domain names (including, without limitation, the individual names of products and companies) are the property of their respective owners, have no association with and do not make any endorsement of Magna RX Inc. Products. The statements on this website have not been reviewed by the Food and Drug Administration. This product or any Magna RX Inc. product is not intended to diagnose, treat, cure or prevent any disease.

Magna RX Store - FAQ



Magna Home

Magna RX+ developed by Dr. Aguilar, a leading medical doctor and urologist, each MAGNA-RX+ tablet contains a unique, high performance male enhancement supplement designed to supercharge your sex life! With millions sold over the past two and a half years, MAGNA-RX+ is currently the world's #1 best-selling male supplement, and still growing!

**THE OFFICIAL AUTHORIZED SITE FOR**

**MAGNA-RX+**
THE BIG RESULTS COMPANY

AS SEEN ON TV

**1. What is the recommended dose of Magna-RX+ ®?**

Each bottle of Magna-RX+ ® contains 60 tablets. Simply take 2 Magna Rx tablets daily to ensure maximum results.

**2. Are there any side effects?**

None reported. Magna-RX+ ® tablets are all-natural herbs and extracts and should not cause any adverse side effects. We recommend taking the tablets with a full glass of water. As with any supplements, if you are taking other medications or suffer from heart disease, diabetes or any ailment, please consult your doctor before taking Magna-RX+ ®.

**3. What are the ingredients in Magna-RX+ ®?**

Click Here for the ingredients.

**4. What is the average penis size?**

Studies have shown that average penis size varies. No matter your size, there's always room for harder, stronger erections that last longer to satisfy both yourself and your partner. At last, you can get that extra advantage by with the Magna-RX+ system.

**5. What kind of penile enhancements can I expect?**

For years, satisfied customers worldwide have reported longer, harder, stronger erections when taken Magna-RX+ ® as directed.

**6. How long does it take to see results?**

Although some of our satisfied customers begin to experience the amazing, stimulating effects of Magna-RX+ ® almost immediately, individual results may vary. However, using the product consistently as directed will help you to experience massive and impressive gains to your sex life fast -- 100% guaranteed, or your money back! Also, included in every purchase is an easy-to-follow penile strengthening exercise plan. Combining the potent Magna-RX+ ® all-natural formula with a few minutes of penile strengthening techniques each day will help assure that you reach your maximum and full potential quickly and safely in just a few short weeks. Just imagine how much your self-confidence will soar as you elevate your bedroom performance to new unparalleled heights and become the lover she'll remember forever and ever!.

**7. Do I save money if I order multiple bottles of Magna-RX+ ®?**

Yes you do save when you buy more! One bottle of Magna-RX+ ® is priced at $59.95 (plus shipping and handling). Through this exclusive web-only offer, however, order the Advanced Starter Kit -- two bottles (that's a two-month supply) of Magna-RX+ ® right now and save nearly 10% of the per bottle price.

The best value is the Maximum Gains Package -- 4 bottles for the price of 3! That's right, we'll send you a FREE BOTTLE OF Magna-RX+ ® today when you buy a 3-month supply. You save over $60 and will see the most amazing enhancement results with this package and get the maximum benefits of the Magna-RX+ ® enhancement program!

**8. How can I get a 1 Month supply FREE?**

**Magna Home**

**FAQ**

**The Magna RX Doctor**

**Guarantee**

**Magna Products for Men**

**Magna Products for Women**

**Order Now**

**Specials**

**What's New**

**Weight loss**



**WEB ONLY**
Offer!

Buy 1, Get 1
**FREE!**

**PLUS...**

For a limited time when you order MAGNA-RX+ pills, we'll also include ABSOLUTELY FREE a full 30-day supply of



Dr. Aguilar's new and amazing
MAGNA-RX Topical Lotion

For a limited time, you can get a FREE 1-Month supply of Magna-RX+ ® through this exclusive, web-only offer! Simply order the Maximum Growth Package and you'll receive a full 4-month supply of Magna Rx supplements for the price of 3 months. You save over $60!

With the Maximum Growth Package, you'll enjoy penis enhancement in just a few weeks. Imagine increased size, stamina and longer, harder, stronger erections for the rest of your life for just $1.50 per day!

**9. After ordering Magna-RX+ ®, how can I receive additional bottles?**

With our convenient "Easy Refill" program, we make it easy to stay on the Magna-RX+ ® program. If you order only a 1-month supply (1 bottle), we'll automatically send you a new bottle before the end of that month. If you order a 2-month supply, we'll send you 1 fresh bottle before the end of that second month. That way, you'll never miss a day of progress toward your ultimate goal of ultimate male penile enhancement. You can cancel "Easy Refill" at any time using the customer service phone numbers on this site, but to ensure maximum gains, we recommend staying with the program for at least 4 months.

**10. Does a larger penis really matter to a woman?**

We believe it does!

Publicly women say size doesn't matter, but private studies have revealed that larger penises create greater stimulation and sexual satisfaction for all women. With an enhanced penis, you contact more pleasurable areas of the female body, penetrating further and giving your partner greater fulfillment.

As scientists have discovered, the key to a woman's orgasm resides in her G-spot, located deep within the vagina's upper walls. An increase in penis size greatly improves the chances of stimulating her G-spot and propelling her to multiple orgasms. The Magna-RX+ ® system will help get you to her vaginal promised land much easier than ever before! Your girl will swoon at your newfound virility and return the sexual favors ten-fold! She'll tell all her friends about her Sexual Superman.

**11. How do I cancel my Magna Rx "Easy Refill" shipments?**

If, for any reason, you want to cancel your shipment or stop the "Easy refill" program, simply contact our Customer Service team day or night, by calling Call toll free 1-866-299-0761, from outside the U.S., dial 1-661-621-9302 or e-mail us at cancel@Magnarxstore.com. Please have the following information handy to assure successful cancellation: Your full name exactly as it was used to place your order, customer ID number, invoice number, phone number and e-mail address. The more information you send us the better we can serve you!

**12. Is there support and Customer Service if I have more questions?**

Yes! We pride ourselves in offering the finest Customer Support. We here to help you -- day and night -- answer any questions you might have. There is no such thing as a bad or stupid question. We want to hear about your success. In fact, send us an e-mail Questions@magnarxstore.com anytime with your results. We always like to hear from our clients and evaluate results.

**Plus our 100% Money Back Guarantee!**

We're so confident in these all-natural supplements, that we'll refund 100% of your money -- no questions asked -- if you're not completely satisfied. Simply call the friendly Magna Rx staff with any questions, and we'll be happy to help. Unlike most companies, your success is our only goal and if you're not satisfied....we're not satisfied. Call toll free 1-866-299-0761, or e-mail us at support@magnarxstore.com.



**ORDER NOW - CALL TOLL FREE**
**1-866-299-0761**
**PLEASE HAVE YOUR CREDIT CARD INFORMATION READY**

Magna RX Store - FAQ



© 2005-09 Magna RX Inc. MAGNA-RX+® is a Registered Trademark. All Rights Reserved. These offers or any offers from Magna RX Inc. are not valid in the state of Arizona or anywhere prohibited by law. Individual results may vary. Individuals and testimonials shown on the website are paid models and not necessarily Magna RX Inc. product users. Trademarks, service marks, logos, and/or domain names (including, without limitation, the individual name of products and companies) are the property of their respective owners, have no association with and do not make any endorsement of Magna RX Inc. Products. The statements on this website have not been reviewed by the Food and Drug Administration. This product or any Magna RX Inc. product is not intended to diagnose, treat, cure or prevent any disease.

Magna RX Store - Dr. George Aguilar

Page 1 of 2



## THE OFFICIAL AUTHORIZED SITE FOR

# MAGNA-RX+

### THE BIG RESULTS COMPANY

Magna Home

- How Magna-RX Works
- About Magna-RX
- The Doctor
- Guarantee
- Magna Products for Men
- Magna Products for Women
- Order Now
- Specials
- What's New
- Weight loss

AS SEEN IN:

GQ

Esquire

FHM

Rolling Stone

## THE DOCTOR BEHIND MAGNA-RX®



The genius behind **MAGNA-RX+** is George Aguilar M.D., a Board Certified Urologist who has treated over 70,000 patients with erectile problems. He is a member of both the College of Urology, and the director of 46 urologists. He is also a past president of his State Society of urologists. Over three years ago, Dr. Aguilar made the amazing discovery that is now known as **MAGNA-RX+**, a powerful natural Penis Enhancement Formula.

Using this potent formula daily, his patients dramatically increased their erectile size, performance, and pleasure in only a few short weeks. Best of all **MAGNA-RX+'s** breakthrough herbal formula is 100% natural and safe, with no known side effects.

### *Plus...*

### *Now All New - Dr. Aguilar's MAGNA-RX TOPICAL LOTION*

#### Potency And Stimulation Enhancer That Works From The Outside In!

Dr. Aguilar's new, fast-acting, powerful topical lotion can be used any time you want to guarantee to give you biggest and best lovemaking performance. Only moments after you rub it in, you'll actually start to feel the potent botanicals of this amazing new transdermal lotion go to work as it safely increases blood flow for maximum erectile size and stimulation. However, when this state-of-the-art lotion is used in conjunction with MAGNA-RX+ pills, please be prepared for massive increments of peak sexual performance and unparalleled euphoric pleasure for both you and your partner! *30-Day Supply $59.95 FREE WITH MAGNA-RX+ PILLS*

### FREE GIFT! MAGNA-RX TOPICAL LOTION

Hurry! For a limited time when you order MAGNA-RX+ pills, we'll also include *ABSOLUTELY FREE* a full 30-day supply of Dr. Aguilar's new and amazing MAGNA-RX Topical Lotion – *an $89.95 value!* (Limit one per household.)

## 100% MONEY-BACK GUARANTEE!

We are so confident that MAGNA-RX+ will transform you into another *HUGELY SATISFIED MAGNA MAN* that we offer you an *UNCONDITIONAL 100% 60-DAY MONEY-BACK GUARANTEE* and either way, please keep the MAGNA-RX Topical Lotion as our *FREE GIFT* to you!

Magna RX Store - Dr. George Aguilar



# ORDER NOW - CALL TOLL FREE
# 1-866-299-0761
### PLEASE HAVE YOUR CREDIT CARD INFORMATION READY

| ORDER BY MAIL | ORDER BY FAX | ORDER BY ONLINE |
|---|---|---|

  

© 2005-09 Magna RX Inc. MAGNA-RX+® is a Registered Trademark. All Rights Reserved. These offers or any offers from Magna RX Inc. are not valid in the state of Arizona or anywhere prohibited by law. Individual results may vary. Individuals and testimonials shown on the website are paid models and not necessarily Magna RX Inc. product users. Trademarks, service marks, logos, and/or domain names (including, without limitation, the individual names of products and companies) are the property of their respective owners, have no association with and do not make any endorsement of Magna RX Inc. Products. The statements on this website have not been reviewed by the Food and Drug Administration. This product or any Magna RX Inc. product is not intended to diagnose, treat, cure or prevent any disease.

http://www.magnarx.com/doctor.html

11/9/2009

Magna Home



○ Magna-RX+ developed by Dr. Aguilar, a leading medical doctor and urologist, each *MAGNA-RX+* tablet contains a unique, high performance male enhancement supplement designed to supercharge your sex life! With millions sold over the past two and a half years, MAGNA-RX+ *is currently the world's #1 best-selling male supplement, and still growing!*

AS SEEN ON TV

THE OFFICIAL AUTHORIZED SITE FOR

# MAGNA-RX+

### THE BIG RESULTS COMPANY

- Dr. Magna-RX Story
- FAQ
- The Magna-RX Difference
- Guarantee
- Magna Products for Men
- Magna Products for Women
- Order Now
- Specials
- What's New
- Weight loss

## 100% MONEY-BACK GUARANTEE!

**100 percent money back guarantee!** We guarantee satisfaction, or we'll refund your money with no questions asked.

The MAGNA-RX+ Formula is so powerful, so effective, and so complete that we guarantee your satisfaction 100%! That's the secret of our success and yours! With MAGNA-RX+, the most popular penile enhancement system available on the planet, you're manhood will skyrocket in just a few short weeks. But that's only the beginning, as your equipment enhances, your confidence and self-esteem will increase dramatically as well - WE GUARANTEE IT!

But don't just take our word for it, try it and see for yourself! The unique, all-natural doctor-recommended MAGNA-RX+ System is the world's #1 Penis Enhancement Formula!

So what are you waiting for? Don't just sit there you have the power to "live large" and improve your sex life now!



## ORDER NOW - CALL TOLL FREE
# 1-866-299-0761
### PLEASE HAVE YOUR CREDIT CARD INFORMATION READY

AS SEEN IN:

GQ

*Esquire*

FHM

*RollingStone*

| ORDER BY MAIL | ORDER BY FAX | ORDER BY ONLINE |
|---|---|---|
|  |  |  |

© 2005-09 Magna RX Inc. MAGNA-RX+® is a Registered Trademark. All Rights Reserved. These offers or any offers from Magna RX Inc. are not valid in the state of Arizona or anywhere prohibited by law. Individual results may vary. Individuals and testimonials shown on the website are paid models and not necessarily Magna RX Inc. product users. Trademarks, service marks, logos, and/or domain names (including, without limitation, the individual names of products and companies) are the property of their respective owners, have no association with and do not make any endorsement of Magna RX Inc. Products. The statements on this website have not been reviewed by the Food and Drug Administration. This product or any Magna RX Inc. product is not intended to diagnose, treat, cure or prevent any disease.

http://www.magnarx.com/guarantee.html

11/9/2009



Store Finder | FAQs | Contact Us

Search

Home    About Us    Facts & News    Health & Wellness    Careers    Community & Giving    Diversity    Sustainability    Investors    Suppliers

Home > Suppliers > Become A Supplier > Requirements

My Content Login | Signup

**Suppliers**

**Become A Supplier**
  Proposal Packet
  Submission Process
  Local Suppliers
  Requirements
  Supplier FAQs
  Resources
  Online Product
  Submission Process
  Reference
  Insurance Requirements

**Electronic Product Codes**
  Electronic Product
  Codes (EPC) Frequently
  Asked Questions

### Requirements

READ CAREFULLY THE FOLLOWING REQUIREMENTS AND PROCESSES.

**Think About This:**

Walmart will only work with suppliers who maintain our standards throughout our relationship.

> More Thoughts

## Quality Assurance Through Testing

Customer service – satisfaction guaranteed – is Walmart's No. 1 goal. As part of our continuing effort to ensure product quality and reliability, we use different independent third party testing labs to provide a safety net test on products such as food, children's products, apparel, home and pharmacy. As a rule, Walmart and Sam's Club test products at our discretion to ensure they comply with the highest safety standards set by state and federal government statutes. For competing products, we perform comparative testing. Often we ask our suppliers to make arrangements with these labs for testing well in advance of shipment to prevent complications. Customer safety is paramount to Walmart, and we are very serious about providing customers a safe quality experience with the products we sell.

**EXHIBIT 2**

# NEWPORT TRIAL GROUP

610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
TELEPHONE (949) 717-3000
FACSIMILE (949) 717-3100
TAX ID NO. 27-1213761

November 9, 2009

Magna-RX, Inc.
P.O. Box 6879
Thousand Oaks, CA 91359

Wal-Mart Stores
c/o Frank Rothrock
SHOOK, HARDY & BACON
Jamboree Center
5 Park Plaza, Suite 1600
Orange County, Irvine, CA 92614-8502

Re:   *Ongoing Violations of California Consumer Legal Remedies Act*

Ladies and Gentlemen:

Please give this letter your complete and immediate attention.

## I. <u>Introduction</u>

I am writing on behalf of John Doe, as well as a class of similarly situated persons, to advise you that the above-referenced parties ("Defendants") have violated and continue to violate the California Consumer Legal Remedies Act. (Given the sensitive nature of this dispute, the plaintiff will be referred to as "John Doe" on initial court filings, but I will provide you with his identity upon execution of an appropriate confidentiality agreement.)

## II. <u>Factual Background</u>

Defendants profit from the marketing, advertising, and distribution of the product "MagnaRX," a purported penis enlarging supplement. Specifically, Defendants:

1.   Falsely claim by using MagnaRX, "In just a few short weeks, you'll be amazed as you watch your penis grow into the biggest, thickest, hardest..."

2.   Falsely claim by using MagnaRX, "We guarantee success."

November 9, 2009
Page 2

    3.     Falsely claim consumers who use MagnaRX will experience "guaranteed increase in penis size."

Defendant Wal-Mart exercises substantial independent control over the advertising and marketing of MagnaRX. For example, Wal-mart requires suppliers to sign an agreement allowing Wal-Mart to limit or prevent certain advertising and marketing claims. Wal-Mart also requires supplier to participate in Wal-Mart's "Retail Link®" program, which allows Wal-Mart to exercise additional control over its suppliers advertising and marketing. Finally, Wal-Mart boasts to consumers that it "requires a high level of communication and integrity from each of our suppliers" to ensure that products marketed and sold through Wal-Mart conform to customer expectations.

### III.    <u>Summary of Violations</u>

Defendants' conduct violates the California Consumer Legal Remedies Act by, without limitation:

    1.     Falsely representing that MagnaRX causes penis growth;

    2.     Falsely representing that MagnaRX has characteristics, uses and benefits which it does not have;

    3.     Falsely representing that MagnaRX is of a particular standard, quality, or grade;

    4.     Fraudulently inducing consumers to purchase MagnaRX;

    5.     Placing MagnaRX for sale to the general public when it does not materially conform to the product's advertisements;

    6.     Labeling MagnaRX in a way that is misleading in a material respect; and

    7.     Creating a likelihood of confusion regarding MagnaRX.

### IV.    <u>Demand for Relief</u>

We intend to file suit seeking individual, representative, and class relief unless, within the time frame referenced above, Defendants:

    1.     Agree to irrevocably stop all false and misleading advertising of MagnaRX;

    2.     Identify all consumers who purchased MagnaRX within the applicable limitations period and provide such consumers with an appropriate refund;

November 9, 2009
Page 3

### V.    **Offer of Compromise**

If Defendants agree to a stipulated injunction that includes an appropriate labeling disclaimer within thirty days from the date of this letter, we will agree to take no further action in this matter nor make any further claim for relief unrelated to the terms of the stipulated injunction.

As to any Defendants that will not so agree, we will file suit and therein will seek all requested relief, including monetary damages, injunctive relief, statutory penalties, restitution, and attorneys' fees.  Please contact me at any time if you would like to discuss this matter.

Very truly yours,

Scott J. Ferrell

SJF:lb

53

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Magna RX
P.O. Box 6879
Thousand Oaks, CA 91359

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X B.W. Wadsworth
☑ Agent
☐ Addressee

B. Received by ( Printed Name )
John Wadsworth

C. Date of Delivery
11-17-09

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7009 1410 0001 4431 6661

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

54

Shawn K. Aiken      Stephen C. Rich
Barbara Lee Caldwell     Philip R. Rupprecht
Christopher R. Chicoine    Joseph A. Schenk
Richard M. Gerry    Robert C. Van Voorhees
D. Lamar Hawkins      Kellie N. Wells
James E. Padish      OF COUNSEL
Alfred W. Ricciardi    Charles F. Myers, P.A.



December 15, 2009

**VIA U.S. MAIL & EMAIL:** sferrell@calljensen.com
Scott J. Ferrell
Newport Trial Group
610 Newport Center Drive, Ste. 700
Newport Beach, CA 92660

     Re:    Vaughn v. Magna-RX, Inc., et al.

Dear Mr. Ferrell:

     As part of our ongoing effort to persuade you that you have filed suit against the wrong party, I have been authorized to respond to the questions raised in your December 10 letter. In order, the answers to your questions are as follows:

     1.    The domain name magnarx.com was originally registered by NEP Products, Inc. or its predecessor-in-interest on October 31, 2001. Significantly, this was nearly three years before Magna-RX, Inc. was incorporated.

     2.    The original distributors of Magna RX+ initially attempted to negotiate with Mr. Shuman for the voluntary transfer of ownership of the magnarx.com domain name. When this was unsuccessful, a Complaint was filed with the WIPO Arbitration and Mediation Center on September 16, 2004. At the time, WIPO (World Intellectual Property Organization) was the entity responsible for resolving domain name disputes. On November 5, 2004, an Administrative Panel Decision was issued in Case No. D2004-0755 denying the Complaint. In so ruling, the panel held that it was "impossible to determine whether the domain name was registered and is being used in bad faith." The panel further found that there were potential questions regarding plaintiff's acquiescence or laches.

     3.    Following the unfavorable panel decision in the WIPO arbitration proceeding, Magna-RX, Inc. made additional attempts to purchase the magnarx.com domain name from Mr. Shuman. However, the price that he was asking was too high and Magna-RX, Inc. opted to create its own website instead. In February of 2008, Mr. Shuman contacted Magna-RX, Inc. and indicated that he was having some financial difficulties associated with a divorce and that he was willing to consider selling the domain name for much less than he had previously demanded. The written agreement between Magna-RX, Inc. and NEP Products, Inc. was executed in May of

EXHIBIT A

December 15, 2009
Page 2

2008, but the actual transfer of the domain name did not occur until approximately June 13, 2008. The site was essentially ignored for several months until information regarding several Magna-RX, Inc. products were temporarily placed on the site. The site is still being redesigned and should be finished in early 2010.

4.      The acquisition of the magnarx.com domain name from NEP Products, Inc. is documented in a written agreement. The transfer was contained in a Licensing Agreement that has terms similar to those in the Consent Judgment that I previously sent to you.

5.      Magna-RX, Inc. has used the magnarxstore.com website since 2005. As previously noted, it did not acquire the magnarx.com domain name until mid 2008, at which time it allowed the site to sit dormant for several months.

6.      Magna-RX, Inc. had nothing whatsoever to do with the content of the magnarx.com website until it put its own advertising material on the site in 2009.

7.      Magna-RX, Inc. has never profited from "residual sales" from the magnarx.com website. Any such sales would have gone to NEP Products, Inc., as Magna-RX, Inc. did not acquire any telephone numbers, emails, or mailing addresses from NEP Products as part of the transaction. For several years, NEP Products, Inc. sold unauthorized product that it obtained from WOW Enterprises, Inc. Following the settlement of Magna-RX, Inc.'s litigation against WOW Enterprises in 2007, it is possible that NEP Products may have acquired some product from one or more distributors who purchased in bulk from Magna-RX, Inc. As previously noted, in May of 2008 Magna-RX, Inc. entered into a Licensing Agreement with NEP Products, Inc. pursuant to which NEP Products was required to submit its ads to Magna-RX, Inc. for prior approval. It has failed to comply with this contractual obligation, and Magna-RX, Inc. has therefore decided to terminate the license.

8.      I am not sure what "offending ads" you are referring to in this question. The only ad that you have ever sent to me is a Leading Edge ad over which Magna-RX, Inc. had no control. Enclosed are color copies of the promotional materials used by Magna-RX, Inc. As you can see, they make none of the claims allegedly relied upon by Mr. Vaughn in connection with his purchase of the product.

You need to understand that Magna-RX, Inc. focuses its efforts on selling product to major retailers and does almost no business over the internet. The internet is an extremely difficult medium to control. At any given time, there are literally dozens of websites purporting to sell Magna RX+, much of which is almost certainly bootleg product obtained from unauthorized sources. Even if a site is selling genuine product acquired from a distributor or retailer, it may contain statements or representations regarding the product that have never been authorized by Magna-RX, Inc. In an effort to protect its intellectual property, Magna-RX, Inc. has sent out countless cease and desist letters and has actually filed litigation against the owners of several internet sites. As soon as Magna-RX, Inc. pursues legal action or obtains a judgment,

December 15, 2009
Page 3

the owner of the site shuts it down and opens up a new site.  Frankly, it is a lot like playing the arcade game "wack-a-mole."

I would again urge you to voluntarily dismiss the litigation against Magna-RX, Inc. Magna-RX, Inc. has done everything in its power to be a responsible vendor and has clearly established that it is not the source of the advertisement on which Mr. Vaughn relied or the product that he eventually received.  In addition, Magna-RX, Inc. is willing to refund Mr. Vaughn's purchase price, even though the product was acquired from a third-party.

Our response to the Complaint is currently due on December 16, 2009.  If you elect to continue with the litigation in light of the information we have provided, then Magna-RX, Inc. will have no alternative but to assume that the litigation has been pursued in bad faith and will seek to recover its attorneys' fees and costs.

Very Truly Yours,

AIKEN SCHENK HAWKINS & RICCIARDI P.C.

Joseph A. Schenk

JAS:lma
Enclosures
cc:     Steve Moidel
        Keith Kelly
        André Merrett
S:\MagnaRX\2523802\Corresp\Ferrell091215-jas.doc

**From:** Scott Ferrell [mailto:sferrell@calljensen.com]
**Sent:** Sunday, November 29, 2009 10:10 PM
**To:** Mary Quinn; lberger@trialnewport.com
**Cc:** Joe Schenk; Lynn M. Acosta; DeAnn Buchmeier
**Subject:** Vaughn v. Magna-RX, Inc., et al: November 29th letter from Scott Ferrell

November 29th, 2009

**By E-mail and First Class Mail**

   Re:  *Magna-Rx, Inc.*

Dear Mr. Schenk:

   Thank you for your letter of November 23rd.  I appreciate both your professional tone and your candor.  I am writing to address the issues raised in your letter, to identify areas in which I would appreciate more information, and to share with you my position regarding liability.

   First, while I appreciate your explanation of the history of the relationship between Magna-RX Inc. and Leading Edge Marketing, Inc., my conclusion about the apportionment of liability for false efficacy claims disseminated by Leading Edge Marketing differs from yours.  It appears, at a minimum, that Magna-RX has had the authority to ensure conformity with the advertising limitations set forth in the Consent Decree, but has failed to effectively police or enforce those limitations.  California courts have typically imposed liability on both parties in such circumstances.  See, e.g., *FNS Mortgage Service Corp. v. Pacific General Group, Inc.* (1994) 24 Cal.App.4th 1564.

   Second, our research shows that the advertising on the website www.magnarx.com matched the advertising on the website www.magnarxshop.com until immediately after the filing of our Complaint, at which time the advertising on www.magnarx.com was changed to match the claims on the www.magnarxstore.com website.  Since you acknowledge that your client operates the www.magnarxstore.com website, this leads me to wonder whether your client has any affiliation with the www.magnarx.com website?  (I assume that the answer must be "yes", since both websites direct consumers to the same customer service line [1.866.299.0761]).  Thus, it appears that your client was operating a website making admittedly false efficacy claims until after our lawsuit was filed.

58

**EXHIBIT E**

Third, your letter candidly acknowledges that Magna-RX has not conducted any consumer research regarding the "overall net impression" of its advertising claims, or whether the terms "male performance" and/or "male enhancement" are commonly understood to be euphemisms for penile enlargement.  Thus, even assuming, *arguendo*, that your client was not liable for the false claims made by Leading Edge Marketing or on the  www.magnarx.com website, your client would still be liable for advertising that leaves consumers with a misleading overall net impression regarding the efficacy of Magna-Rx.  (Upon request and execution of an appropriate confidentiality agreement, I would be happy to provide you with an abstract of our expert's consumer survey regarding this issue).

Fourth and finally, we have no intention of pursuing any claims against your client if and to the extent the investigation and evidence upon which we are relying are shown to be erroneous.  At this point, however, it appears that there are at least three independent bases upon which to impose liability upon your client (as summarized in paragraphs one through three, above).  If you disagree with either the facts, inferences, conclusions, or law upon which we are relying, I invite you to correct us so that we may take appropriate action.

Please contact me at your convenience if you would like to discuss this matter further.  Upon request, we will grant your clients a courtesy extension to respond to the Complaint while we are engaged in any reasonably constructive dialogue.

Best regards,

*Scott J. Ferrell*

**NEWPORT TRIAL GROUP**
610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
sferrell@trialnewport.com
www.trialnewport.com

Shawn K. Aiken          Stephen C. Rich
Barbara Lee Caldwell    Philip R. Rupprecht
Christopher R. Chicoine  Joseph A. Schenk
Richard M. Gerry        Robert C. Van Voorhees
D. Lamar Hawkins        Kellie N. Wells
James E. Padish         OF COUNSEL
Alfred W. Ricciardi     Charles F. Myers, P.A.



December 3, 2009

**VIA U.S. MAIL & EMAIL**: sferrell@calljensen.com
Scott J. Ferrell
Newport Trial Group
610 Newport Center Drive, Ste. 700
Newport Beach, CA 92660

      Re:    Vaughn v. Magna-RX, Inc., et al.

Dear Mr. Ferrell:

      Based upon your November 29 email, I am starting to realize that you may just be someone who will not be deterred by the facts. Nevertheless, I will make one last attempt to persuade you that you are heading down the wrong path with this lawsuit and will respond to the issues raised in your letter.

      I am aware of no California authority for the proposition that a company can be held liable for consumer fraud or any of the other claims asserted in your Complaint because it failed to "effectively police" the claims made by an unrelated third-party. The case cited in your letter, *FNS Mortgage Service Corp. v. Pacific General Group, Inc.*, 24 Cal.App.4th 1564 (1994), provides no support for such a proposition. In *FNS Mortgage*, the Appellate Court simply reversed a summary judgment entered in favor of the defendant on a <u>negligence</u> claim. In so ruling, the court relied upon the general common law principle that one who voluntarily undertakes a duty of care to third-parties can be held liable for resulting damages if it is negligent in performing the duty. I see no possible application of this legal principle to your present assertion that Magna-RX, Inc. can be held liable for consumer fraud as a result of the representations made by Leading Edge Marketing in its internet ads. If anything, the fact that Magna-RX, Inc. went to the expense of filing suit against Leading Edge Marketing in the past and obtained a permanent injunction precluding it from false advertising demonstrates just the opposite.

      The history of the website www.magnarx.com requires some explanation. This website was originally registered by Connections One, a company owned or controlled by Barry Shuman. Mr. Shuman's company was one of the original internet sellers of Magna RX+® at a time when the product was being distributed by WOW Enterprises, Inc. Mr. Shuman later conveyed ownership of the domain name to another company that he controlled, NEP Products,

**EXHIBIT F**

December 3, 2009
Page 2

Inc.  Subsequent attempts to obtain the domain name through administrative procedures were unsuccessful.   That is why Magna-RX, Inc. was forced to use the domain name www.magnarxstore.com for its business instead.

Shortly before you filed your lawsuit, Magna-RX, Inc. was able to obtain ownership of the www.magnarx.com website in a private transaction with Mr. Shuman.  After acquiring the website, Magna-RX, Inc. removed all of the content that had been used by the prior owner and replaced it temporarily with some promotional materials on a variety of Magna RX products while the site was in the process of being redesigned.  Frankly, I am not sure how any of this is helpful to your lawsuit, as your client admittedly did not base his buying decision on the www.magnarx.com website, and, as you have noted, the content on that website has now been changed to match the claims on the www.magnarxstore.com website.  Moreover, Magna-RX, Inc. has never used the www.magnarx.com domain in any of its advertisements, promotional materials, or product packaging.

I have no further comments regarding your assertion that you have "experts" that have conducted consumer research on the terms "male performance" and/or "male enhancement."  As you implicitly acknowledge in your letter, Magna-RX, Inc. has never asserted in its ads that these phrases have any meaning other than that contained in the dictionary.  You have indicated that you are willing to provide me with an "abstract" of your experts' survey regarding this issue, and I would like to take you up on your offer.

Finally, you state in your letter that you have no intention of pursuing any claims against Magna-RX, Inc. to the extent that the evidence that you are relying upon is shown to be erroneous.  I believe that the evidence that you are relying upon is erroneous and that your claims are unfounded.  We have previously demonstrated that the ad relied upon by Mr. Vaughn was created by Leading Edge Marketing, Inc., not Magna-RX, Inc., and that the product that he received is one that has never been sold by Magna-RX, Inc.  I also do not believe that you have any relevant legal authority for the proposition that Magna-RX, Inc. can be held liable under California's consumer fraud statute or any of the other claims that you have alleged for the advertising claims made by Leading Edge Marketing, Inc.  If you have any such authority, I would be very interested in taking a look at it.   Even your "smoking gun" – the www.magnarx.com website – does not support a claim against Magna-RX, Inc. because the company acted responsibly in removing any potentially objectionable content shortly after it acquired ownership of the website.

I have taken the opportunity to conduct some internet research on your law firm, and I now have a fairly good understanding of what it is that you do.  However, I truly believe that you have chosen the wrong target in this case, as Magna-RX, Inc. is neither a "deep pocket" nor an irresponsible vendor.  It does not have the financial resources to pay a class action settlement and has been shown no substantive reason why it should do so.  Assuming that you do not dismiss

December 3, 2009
Page 3


your claims, Magna-RX, Inc. will vigorously defend the litigation and, if successful, will seek to recover its defense costs from Mr. Vaughn and/or your firm.

Very Truly Yours,

AIKEN SCHENK HAWKINS & RICCIARDI P.C.

Joseph A. Schenk

JAS:lma
cc:    Steve Moidel
       Keith Kelly
S:\Temp\JAS\MagnaRX\Ferrell091203-jas.doc

62

**From:** Scott Ferrell
**Sent:** Thursday, December 10, 2009 11:17 AM
**To:** 'Mary Quinn'
**Cc:** 'Joe Schenk'; 'Lynn M. Acosta'; 'DeAnn Buchmeier'; 'Don Beshada'; Peter Farnese
**Subject:** Vaughn v. Magna-RX, Inc.: Follow Up To Previous Correspondence

December 10th, 2009

## By E-mail and First Class Mail

  *Re:*  *Vaughn v. Magna-Rx*

Dear Mr. Schenk:

  As noted in my most recent correspondence, I am writing in connection with our ongoing investigation into the merits of our clients' respective claims and defenses in this case.  As you know, I have offered to provide you with an abstract of our expert conclusions upon request and pending execution of an appropriate confidentiality agreement.  Although I have not yet received a response from you, that offer remains.

  In order to enable us to conduct the case re-evaluation that you have suggested, we would be very appreciative if you would provide us with answers to the following questions:

  1.  What is the date that Mr. Shuman registered the domain name www.magnarx.com?

  2.  What do you mean by "[s]ubsequent attempts to obtain the domain name [www.magnarx.com] by administrative procedures were unsuccessful"?  More specifically:

    a.  When (by date) did your client attempt to obtain the domain name?

    b.  How many attempts did it make?

    c.  What "administrative procedures" did your client use?

    d.  Why was your client denied its right to the domain name?

  3.  What is the date of the "private transaction" with Mr. Shuman?

  4.  Was the "private transaction" reduced to writing and, if so, what type of instrument does your client have showing the date that it obtained the domain name?

63

**EXHIBIT G**

5.      For how long has your client utilized the www.magnarxstore.com website as its exclusive internet site to market the Magna Rx product?  How long did it utilize that site in conjunction with the www.magnarx.com website?

6.      Is it your position that until the time of the "private transaction" between your client and Mr. Shuman that your client did not have anything, whatsoever, to do with the content of the www.magnarx.com website?

7.      Is it your position that your client did not profit in any way from the www.magnarx.com website during the period prior to the "private transaction" with Mr. Shuman or from residual sales since that transaction?

8.      Would you be willing to share with us the "promotional materials" referenced in the first full paragraph on page 2 of your letter?  Are those materials any different than the offending ads that we have already forwarded to you?

We look forward to receiving your responses to these inquiries.

*Scott J. Ferrell*

**NEWPORT TRIAL GROUP**
**610 NEWPORT CENTER DRIVE**
**SUITE 700**
**NEWPORT BEACH, CA 92660**
**T:949.706.6464**
**F:949.717.3100**
sferrell@trialnewport.com
www.trialnewport.com

**From:** Scott Ferrell
**Sent:** Thursday, December 24, 2009 10:12 AM
**To:** Lynn M. Acosta
**Cc:** Joe Schenk; Mary Quinn; André Merrett; keith.kelly@varnerbrandt.com; Don Beshada (dbeshada@maklawyers.com); pfarnese@maklawyers.com; Linda Berger
**Subject:** Vaughn v. Magna: Request for Deposition Dates in Aid of Preliminary Injunction
**Importance:** High

Dear Mr. Schenk:

In connection with our intention to seek a preliminary injunction regarding the sale of Magna-Rx, we would like to schedule three depositions: (1) the individual at Magna-Rx who is most familiar with the allegations in the Complaint; (2) the individual at Wal-Mart who is most familiar with the company's relationship with Magna-Rx; and (3) the indvidual at GNC who is most familiar with GNC's sales and marketing of Magna-Rx, including representations made to GNC regarding efficacy of Magna-Rx during the Spring of 2009.

We will also, of course, make our clients available for deposition upon request.  Please provide me with a range of upcoming dates at your earliest convenience.

Thank you.

Scott J. Ferrell

**EXHIBIT H**